IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GARY THORPE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 11-412-SLR |
| | ) |
| PERRY PHELPS, Warden, and, | ) |
| JOSEPH R. BIDEN, III, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington this ___ day of July, 2011, having reviewed the above captioned case pursuant to Rule 4, 28 U.S.C. foll. § 2254;

IT IS ORDERED that petitioner Gary Thorpe's ("petitioner") pro se application for habeas relief (D.I. 1) is **DISMISSED WITHOUT PREJUDICE**, for the reasons that follow:

1. **Background.** Petitioner is a pre-trial detainee at the James T. Vaughan Correctional Center in Smyrna, Delaware, and he filed the instant habeas application on May 11, 2011. (D.I. 1) Petitioner contends that he was forced to be a witness against himself in violation of his Fifth Amendment rights when a police detective obtained a sample of his DNA on February 8, 2011, in response to sexual misconduct allegations lodged against him by a young woman. (D.I. 1)

2. **Standard of Review.** A district court judge may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. Pursuant to 28 U.S.C. § 2254(a), a federal district court can only entertain a habeas application on

behalf of a person in custody pursuant to the judgment of a State court. *See also* Rules 1, 2, 28 U.S.C. foll. § 2254. In turn, a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. 28 U.S.C. § 2254(b)(1)(A). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

**3. Discussion.** Having reviewed the face of the application, the court concludes that summary dismissal is appropriate in this case. To begin, petitioner, a pre-trial detainee, fails to satisfy the custody requirement of § 2254(a) because he is not in custody pursuant to a state court judgment.[1] In turn, petitioner has not exhausted state remedies because his criminal proceeding is still pending in the Delaware state court system. Accordingly, the court will summarily dismiss petitioner's application without prejudice. *See* Rule 4, 28 U.S.C. foll. § 2254 (a federal district court may summarily dismiss a habeas petition when "it plainly appears from the face of the petition and any

---

[1]To the extent the instant application should be construed as asserting a pre-trial claim pursuant to 28 U.S.C. § 2241, the court concludes that petitioner is still not entitled to the issuance of the writ. First, because he asks the court to dismiss all charges pending against him, petitioner is attempting to abort a state criminal proceeding rather than attempting to correct a constitutional violation. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975). Second, petitioner has not demonstrated extraordinary circumstances justifying the court's interference with a pending state court proceeding without having first exhausted state remedies. *Moore*, 515 F.2d at 443.

2

exhibits annexed to it that the petitioner is not entitled to relief."). Petitioner can re-file his habeas application once his state court proceedings are final and he has exhausted state remedies.² *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45 (1998)(holding that a petition filed after the initial filing was dismissed as premature will not be barred as a "second or successive" petition).

4. The court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2008).

IT IS FURTHER ORDERED that the clerk of the court shall close the case and mail a copy of this order to petitioner at his address of record and to respondents.

                                                                                         _____
                                                                                        UNITED STATES DISTRICT JUDGE

---

²Habeas applications filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Petitioner is responsible for determining the events that trigger and toll the limitations period.

3